OPINION
{¶ 1} On June 6, 1998, Darlene Amore was a passenger in her own van being driven by her husband, Thomas Amore, when it was rear-ended by Elizabeth Brennan. As a result of the accident, Mrs. Amore sustained injuries and lost wages.
 {¶ 2} At the time of the accident, Mrs. Amore was employed by The Thomson Corporation, insured under a business auto policy issued by Continental Insurance Company. Mr. Amore was employed by FujiFilm America, Inc., insured under a business auto policy issued by Tokio Marine and Fire Insurance Company, Ltd. Both Mr. and Mrs. Amore were insured under a personal insurance policy issued by Grange Mutual Casualty Company.
 {¶ 3} On June 5, 2000, appellants, Mr. and Mrs. Amore, filed a complaint against Grange and Continental, seeking underinsured motorists benefits. On February 9, 2001, appellants filed an amended complaint, adding Tokio as a party defendant. Grange filed cross-claims against Continental and Tokio for contribution on a pro-rata basis.
 {¶ 4} All the insurance companies filed motions for summary judgment. By judgment entry pending summary judgment motions filed May 1, 2002, the trial court denied the motions, finding appellants were entitled to underinsured motorists benefits under all three policies, with Grange's coverage being primary and the remaining policies being excess.
 {¶ 5} On July 24, 2002, the parties filed a joint stipulation, stating Grange paid its policy limits, the remaining damages were $200,000 and any prejudgment interest claims had yet to be decided.
 {¶ 6} By judgment entry on plaintiff's motion for judgment and prejudgment interest filed September 20, 2002, the trial court resolved the remaining issues in the case.
 {¶ 7} Appellants filed a notice of appeal (Case No. 02CA76) and Grange filed a cross-appeal. This matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 8} "In accord with Poulton v. American Economy Insurance Company the uninsured/underinsured motorist coverage provided under the policies issued by Tokio and Continental are primary, thus the trial court erred in failing to award prejudgment interest to plaintiffs as against Continental and Tokio from the same trigger date as the prejudgment interest awarded against Grange as the other primary insurer."
 {¶ 9} Grange's cross-assignments of error are as follows:
 I {¶ 10} "The trial court erred in overruling defendant-appellant, Grange Mutual Casualty Company's, motion for summary judgment, and erred in holding `the February 1, 2002 motion of defendant Grange is overruled. Grange's coverage is the primary insurance coverage for plaintiff, and continental's and Tokio's are excess coverage.'"
 II {¶ 11} "The trial court erred in holding `judgment is entered in favor of plaintiffs against defendant Grange Mutual Casualty Co. in the amount of $11,397.26 plus interest at 10% per annum from 9-9-02 until paid. * * * Costs are assessed one-half against Grange, one-fourth against Tokio and one-fourth against Continental."
 I {¶ 12} Appellants claim the coverages afforded under the Continental and Tokio policies are primary and therefore the trial court erred in awarding prejudgment interest from a different "trigger date" than Grange, the other primary insurer. Pursuant to our decision in Case No. 02CA75, Tokio is not an insurer and therefore this assignment of error is denied as to Tokio. In the cross-appeal to Case No. 02CA70, we found Continental to be primarily liable pursuant to Poulton v. American Economy Insurance Co. (December 23, 2002), Stark App. Nos. 2002CA00038 2002CA00061. We will now address the prejudgment interest issue.
 {¶ 13} As stated in the cross-appeal to Case No. 02CA70, an award of prejudgment interest is reviewable under an abuse of discretion standard. Landis v. Grange Mutual Insurance Co. (1998), 82 Ohio St.3d 339. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217. In Landis at 342, the Supreme Court of Ohio stated the following:
 {¶ 14} "Whether the prejudgment interest in this case should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date at which arbitration of damages would have ended if Grange had not denied benefits, or some other time based on when Grange should have paid Landis is for the trial court to determine. Upon reaching that determination, the court should calculate, pursuant to R.C. 1343.03(A) the amount of prejudgment interest due Landis and enter an appropriate order."
 {¶ 15} In its judgment entry of September 20, 2002, the trial court ordered interest against Continental to commence from June 24, 2002, the date Grange paid its policy limits and Continental became secondarily liable, and interest against Grange from May 30, 2000, the date "Grange acknowledged receipt of plaintiff's letter telling Grange that the tortfeasor's insurer had offered its $50,000 policy limits for a release, and asking for Grange's consent to settle with the tortfeasor." Appellants argue Continental's prejudgment interest should also run from May 30, 2000.
 {¶ 16} The trial court's decision as to Grange follows this writer's opinion that the appropriate date to commence interest is the date of notice or acknowledgement of exhaustion of the tortfeasor's policy limits. Using this philosophy, the appropriate date to commence interest against Continental would be June 5, 2000, the date of the filing of the lawsuit. However, at that time, the issue of primary versus excessive coverage was an unsettled question of law within the trial court's appellate district as United Ohio Company v. Bird (May 18, 2001), Delaware App. No. 00CA31, was decided on May 18, 2001 and Poulton was decided on December 23, 2002. Continental did not become primarily liable until the rendering of our decision in the cross-appeal to Case No. 02CA70. Grange did not assert a claim demanding a pro-rata basis against Continental until May 20, 2002, although on March 9, 2001, Grange had filed an amended answer averring Continental was liable for contributing its pro-rata share of the damages.
 {¶ 17} Given the various dates and issues on primary versus excess liability under a Scott-Pontzer interpretation, we cannot find an abuse of discretion by the trial court in determining June 24, 2002 to be the commencement date for prejudgment interest against Continental.
 {¶ 18} The sole assignment of error is granted as to the primary insurance issue and denied as to the prejudgment interest issue.
 CROSS-ASSIGNMENTS OF ERROR I AND II {¶ 19} These cross-assignments of error are identical to the cross-assignments in Case No. 02CA70; see the discussion therein regarding these issues.
 {¶ 20} Cross-Assignment of Error I is granted as to Continental and denied as to Tokio. Cross-Assignment of Error II is denied, except it is granted as to the allocation of costs against Continental only.
 {¶ 21} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed in part and reversed in part.
Edwards, J. dissents in part.